JOHN A. LOMAX

*v.*

GEORGE A. GINDELE.

*Filed at Ottawa May 15, 1886.*

1. REDEMPTION *from tax sale—as between tenants in common.* Where one tenant in common of land exercises the right given him by law to redeem the entire premises from a sale for taxes, such redemption will inure to the benefit, also, of his co-tenant, upon the condition that he or those claiming under him will pay the one redeeming, one-half of the cost of the redemption.

2. So where one of two tenants in common of a tract of land which had been sold for taxes, instead of redeeming directly from the sale, made an agreement with the holder of the certificate of purchase that the latter should take out a tax deed thereon and then convey the premises to the former, which was done, it was *held,* that the transaction amounted to but a redemption for the benefit of both tenants in common, and that a court of equity would compel the one taking a conveyance of the tax title, to convey to the other one undivided half of the tax title upon payment of half the cost thereof.

3. PRACTICE IN SUPREME COURT—*modifying decree.* This court may, on affirmance, so modify a decree appealed from, as to obviate the necessity of determining definitely whether it is technically correct as rendered, and thereby remedy an objection urged to its form.

APPEAL from the Circuit Court of Du Page county; the Hon. C. W. UPTON, Judge, presiding.

Mr. ELBERT H. GARY, for the appellant:

Ordinarily, when taxes are assessed and payable as an entirety, and can not be divided, a purchase by a tenant in common, at a tax sale, of the whole of the premises, inures to the joint benefit of all the owners. *Chickering* v. *Faile,* 38 Ill. 342; *McConnel* v. *Konepel,* 46 id. 519; *Busch* v. *Huston,* 75 id. 343; *Bracken* v. *Cooper,* 80 id. 221. But see *Lewis* v. *Ward,* 99 Ill. 525, and *Hinckley* v. *Greene,* 52 id. 223.

Appellant was under no legal or moral obligation to pay the taxes in question when he acquired his tax title, and hence was not precluded from acquiring such title. *Blackwood* v. *Van Vliet,* 30 Mich. 121; *Coxe* v. *Gibson,* 27 Pa. St.

160; Blackwell on Tax Titles, 470; *Moss* v. *Spear,* 25 Cal. 45; *Bowman* v. *Cockrell,* 6 Kan. 332; *Blakely* v. *Bester,* 13 Ill. 714; *Glancy* v. *Elliott,* 14 id. 458; *Seaver* v. *Cobb,* 98 id. 203; Cooley on Taxation, 348.

The decisions pertaining to the attempted acquisition of a tax title by a tenant in common, have no application to this case, owing to the change made by our statute, which gives a tenant in common a right to pay taxes on his undivided interest.

The decree is erroneous in directing the appellant to execute to appellee a quitclaim deed of an undivided half interest in the premises, or in default thereof, that the master in chancery execute such deed.

Mr. ELLIS S. CHESBROUGH, Jr., for the appellee:

The decree in this case is founded upon the principle of law that a tenant in common, having bought an adverse title, can not use it adversely to his co-tenant, but the latter has an option to regard the purchase as made for their joint benefit, and share alike in the expense and benefit. This doctrine is founded in reason, is most equitable, and rests on an unbroken line of decisions, in cases both in chancery and common law courts. In this State the doctrine has been affirmed repeatedly, and the law on the subject was crystallized in the case of *Bracken* v. *Cooper,* 80 Ill. 221.

Appellant argues that this doctrine, as regards tax titles, only applies "where taxes are assessed and payable as an entirety, and can not be divided.". But his authorities do not sustain his position. *Bracken* v. *Cooper,* 80 Ill. 229.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

On the 25th of April, 1870, John Atkinson, being the owner of the land involved in this litigation, conveyed, by quitclaim deed, an undivided half thereof to Edwin Walker. On the 20th

of June, 1881, Lewis Ellsworth, Jr., purchased the entire tract at a tax sale. On the 20th of October, 1882, John H. Lomax, at an execution sale by the United States marshal for the Northern District of Illinois, purchased Walker's interest in the premises, for which he subsequently, on the 23d of January, 1884, received a marshal's deed. On the 21st of June, 1883, the county clerk executed to Ellsworth, Jr., a tax deed, who, on the same day, quitclaimed his interest in the premises to Lomax. Atkinson, on the 26th of June, 1884, conveyed, by warranty deed, his undivided half in the premises to A. E. Guild, Jr., who, on the 30th of January, 1885, conveyed the same to appellee, George A. Gindele. It also appears that, for the consideration of about $15, paid by appellant to Ellsworth, the two, some time before the time for redeeming the premises from the tax sale had expired, entered into a contract, by the terms of which the latter was to be permitted to take out a tax deed, as though no redemption had taken place, and then convey the premises to appellant, which agreement, as already seen, was fully performed. This transaction, in legal effect, amounted simply to a redemption of the premises from the tax sale. Under this state of facts the appellee filed the present bill against Lomax, asking to redeem from said tax sale upon payment by him of his share of the redemption money, and also to compel Lomax to quitclaim to complainant one undivided half of the land. There was a decree in accordance with the prayer of the bill, and the present appeal is from that decree.

The form of the decree may be objectionable, yet we have no doubt that appellee is entitled to the relief intended to be granted, namely, the establishment of his right to an undivided half of the land, unaffected by the tax sale, and all conveyances made in pursuance thereof or which are dependent thereon. By Lomax's purchase at the marshal's sale, he became the owner of Walker's undivided half of the land, subject to the right of redemption from the marshal's sale,

through which he claimed. By reason of his purchase, the law conferred on him, as tenant in common with Atkinson, the right to redeem the entire premises from the maturing tax title,—the time of redemption having yet some eight months to run; yet the same law which conferred upon him this right to redeem Atkinson's interest, as well as his own, annexed to it the qualification that the redemption, when so made, should inure to the benefit of Atkinson also, on condition that he, or those claiming through him, would pay to Lomax one-half of the cost of redemption. The money thus advanced for Atkinson in making the redemption became an incumbrance or charge upon his interest in the land in favor of Lomax, which appellee, as a purchaser from Atkinson's grantee, has a clear and undoubted right to pay off and discharge.

As the view here taken is fully sustained by the previous decisions of this court, further discussion of the subject is deemed unnecessary. *Chickering* v. *Faile*, 38 Ill. 342; *Mc-Connel* v. *Konepel*, 46 id. 519; *Busch* v. *Huston*, 75 id. 343; *Bracken* v. *Cooper*, 80 id. 221; *Lewis* v. *Ward*, 99 id. 525; *Hinkley* v. *Greene*, 52 id. 223.

Assuming the law to be as stated, what we have already said is a sufficient answer to all the points raised in appellant's argument, except the last, which goes rather to the form than the substance of the decree. The point, as stated by counsel, is thus made: "If the court should hold the act of appellant in acquiring a tax title to the premises amounts simply to a payment of the taxes, and that appellee is entitled to redeem, then, of course, appellant has no title to the property in question, except the title to an undivided half, which he acquired by virtue of the marshal's sale and deed, and this title, the court decrees, must be conveyed to appellee."

The court below doubtless proceeded upon the theory that inasmuch as the tax proceeding appears to have been regular,

and no improper conduct or bad faith is imputed to any of the officers of the law connected with it, the tax deed of the county clerk had the effect to pass the legal title to Ellsworth, but that by reason of the fraud which appellant was attempting to practice upon Atkinson, to which Ellsworth himself was a party, the law raised a constructive trust in Atkinson's favor, to the extent of his interest in the land. Assuming such a trust to have been raised, it could only be upon the theory that the acquiring of the title in the manner stated was, as to Atkinson and those claiming under him, to be treated, in equity, as a redemption, merely, from the tax sale.

Taking this view of the matter, there was certainly no inconsistency in directing a conveyance to appellee of one undivided half of the land, as is done by the decree, and if the theory suggested is the correct one, the decree was entirely proper. Certainly, precedents are not wanting where similar decrees have been rendered in cases much like the present. As the objection, however, may be removed altogether by a slight change of the language of the decree, it will be so modified in this court, which will obviate the necessity of determining definitely whether the decree, as rendered, is technically correct or not. An order will, therefore, be entered in this court, so modifying the decree of the court below as to require appellant to convey and quitclaim to appellee one undivided half of any and all interest he may have acquired to the land in question through said tax deed and the conveyance from Ellsworth to himself.

With this modification, the decree is affirmed.

*Decree affirmed.*