CHARLES O. BOYNTON

*v.*

DANIEL PIERCE *et al.*

*Filed at Ottawa, June 19, 1894.*

1. REDEMPTION—*from judicial sale.* Where land is sold under a decree in a mechanic's lien proceeding, the defendant therein, his heirs, administrators and assigns, or any person interested in the premises through or under the defendant, may redeem the same within twelve months, by paying to the purchaser, his executors, administrators or assigns, or to the sheriff, master in chancery, or other officer who made the sale, or his successor in office, the sum of money for which the premises were sold, with interest from the time of such sale, and thereupon the sale and certificate of purchase will become void.

2. SAME—*by debtor—prevents redemption by judgment creditor—recording certificate.* By the statute (Ch. 77, Sec. 19), the sheriff or other officer or person from whom the redemption takes place, is required to make out and sign a certificate of redemption, which shall be recorded in the recorder's office, in like manner as other writings affecting the title to real estate are filed and recorded, and the sale will thereby be canceled and the decree satisfied. When this is done within twelve

months, there can be no redemption and sale of the premises by a judgment creditor.

3. SAME—*taking an assignment of certificate of purchase—no redemption.* The taking of an assignment of a certificate of purchase of land by one entitled to redeem, is not a redemption from the sale, and after the expiration of twelve months, the assignee can not use it as a certificate of redemption, or prevent a judgment creditor of the assignor from redeeming the premises.

4. SAME—*by judgment creditor—right to redeem from sale under decree to which he was a party.* A judgment creditor, who is made a party to a bill to enforce a mechanic's lien, which is superior to the lien of the judgment, may redeem from the sale made under the decree in the mechanic's lien case. If the sale is not redeemed from, the decree and sale will divest him of all the lien he had; but the right of redemption conferred by the statute on a judgment creditor, will not be cut off or abridged in the least by the decree.

5. Where a party files a bill to foreclose a mortgage, and there are subsequent creditors who have liens against the mortgaged premises subsequent to the mortgage, the judgment creditors are necessary parties to the bill to foreclose, and the fact that they are made parties to the bill will not deprive them of their right to redeem as judgment creditors.

6. SAME—*favored by the law.* The law favors redemptions by judgment creditors.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding.

This was a bill in equity, brought by Charles O. Boynton, appellant, against Daniel Pierce, Moses Dean and Reuben J. Holcomb, to enjoin the sale of N. W. Qr. and N. E. Qr. of Sec. 19—39 N. R. 5 E., in DeKalb county, on an execution issued on a certain judgment in favor of Pierce & Dean against W. C. Wilcox, under which the premises were redeemed from a prior sale made under decree in a proceeding to enforce a mechanic's lien in favor of William and Samuel Loomis against W. C. Wilcox *et al.* The bill also prayed that a certificate of redemption issued and filed by the sheriff, Reuben J. Holcomb, might be set aside,

and the redemption made by Pierce & Dean, as judgment creditors, might also be vacated. Upon an examination of the record, it appears that W. C. Wilcox originally owned the two quarter sections of land above described, and in 1865, being indebted to John Waterman in the sum of $2,580, made and executed to him a note and mortgage for that amount upon the premises. In 1866, being also indebted to John Sturtevant in the sum of $3,234, he executed a mortgage to him for that amount. On the 25th of June, 1868, he executed another mortgage, on the same premises, to James S. Waterman, for $3,000, to secure the amount which he then owed to him, and on December 1, 1869, being also indebted to appellant, C. O. Boynton, made and executed to him a note, secured by mortgage on the same premises, for $4,165. On May 6, 1872, in vacation, in the Circuit Court of DeKalb county, appellees, Pierce & Dean, recovered a judgment against said W. C. Wilcox for the sum of $793.82.

In May, 1872, William Loomis and Samuel Loomis, filed, in the Circuit Court of DeKalb county, a petition for mechanic's lien against said premises, and made W. C. Wilcox, Daniel Pierce, Moses Dean, John Waterman, James S. Waterman, Charles O. Boynton, John Sturtevant and James O. Wilcox, defendants.

The petitioners, by the allegations in the petition, showed that they were entitled to a lien on the premises for the sum of $418.86, which was prior in date to any lien acquired by either of the defendants.

The appellant, Boynton, appeared and answered the petition, but the other defendants failed to appear, and were defaulted. On the trial, the court found that the petitoners. had furnished materials to Wilcox for the erection of a house on the premises. That appellant, Boynton, purchased the premises from Wilcox after said materials were furnished to said Wilcox, and said Boynton stipulated and agreed with said Wilcox to pay complainants the amount

mentioned in said promissory note.   The court also found,. that defendant, as a part of the consideration mentioned in said deed, was to pay complainants the amount of their claim herein mentioned.   The court then decreed that the complainant have a lien on the premises above described for the amount so due complainants from W. C. Wilcox; that unless the defendants, or some of them, pay complainants $549.30, with interest thereon from the date of this decree, by April 1, 1875, the master make. sale, etc.

On the 19th day of December, 1876, after having given due notice, the master in chancery sold the premises under the decree, and the petitioners, William and Samuel Loomis, became the purchasers for $661.74, the amount of their debt and costs.   No certificate of redemption having been filed within the twelve months allowed by law to redeem, on the 18th day of March, 1878, one day before the fifteen months expired, Pierce & Dean caused an execution to be issued on their judgment, and placed the same in the hands of the sheriff, and at the same time. delivered to the sheriff the amount required to redeem the premises from the sale under the decree in the mechanic's lien proceeding.   The sheriff accepted the redemption money, levied the execution on the land, and filed a certificate, showing that the lands had been redeemed by Pierce. & Dean, the judgment creditors.

Messrs. HOPKINS, ALDRICH & THATCHER, for the appellant.

Mr. CHAS. WHEATON and Mr. D. J. CARNES, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Section 16, chapter 77, of our statute, entitled Judgments, Decrees, etc., provides, when any real estate is sold by virtue of an execution judgment or decree, etc., the officer making the sale shall give to the purchaser a certificate describing

the premises, showing amount paid or bid, the time when the purchaser will be entitled to a deed, etc. Section 17 requires the officer making the sale to file a duplicate of such certificate in the office of the recorder of the county where the property is located, which shall be recorded. Section 18 provides, that any defendant, his heirs, administrators, and assigns, or any person interested in the premises through or under the defendant, may, within twelve months from said sale, redeem the real estate sold, by paying to the purchaser, his executors, administrators, or assigns, or to the sheriff, master in chancery, or other officer who sold the premises, or his successor in office, for the benefit of the purchaser, the sum of money for which the premises were sold, with interest from the time of such sale, whereupon such sale and the certificate shall be void. Section 19 requires the sheriff, purchaser, or other officer or person from whom the redemption takes place, to make out and sign a certificate of redemption, which shall be recorded in the recorder's office, in like manner as other writings affecting the title to real estate, are filed and recorded. Section 20 provides, if such redemption is not made, any decree or judgment creditor may, after the expiration of twelve months, and within fifteen months after the sale, redeem the premises.

Here the record does not show that either Wilcox or Boynton ever applied to the officer who made the sale, or his successor in office to redeem the premises. They made no effort whatever in that direction. Moreover, there is no evidence in the record proving, or even tending to prove, that complainant, or any other person, within twelve months from the date of the sale, paid, or offered to pay, William and Samuel Loomis, the purchasers under the decree, the amount required to redeem the premises. If Boynton had paid the amount of the decree to the Loomis's before the sale, the decree would have been satisfied, and no sale could have been made under it; or if the amount of the bid and in-

terest thereon provided in the statute had been paid to the purchasers, or the master in chancery, or his successor, within twelve months from the date of sale, for the purpose of redeeming the premises from the sale, such payment would have canceled the sale. But after the expiration of twelve months, Boynton could not redeem the premises from the sale; his right of redemption was gone. It appears, however, from the evidence of the complainant, that after the sale under the decree, but the date he is unable to give, he, complainant purchased of William and Samuel Loomis the certificate of purchase, and they assigned it to him, and this, it is contended, was a satisfaction of the sale, and operated as a redemption of the premises. This view is untenable. If Boynton desired to redeem, he was required to pay the amount of the redemption money to the purchaser or officer who made the sale, or his successor, and obtain a certificate of redemption, which could be placed on record in the proper office, and thus afford notice to all parties concerned, that the property had been redeemed as provided by law. This course was not pursued, but the certificate of purchase was assigned to complainant, the assignment kept the sale and certificate in full force, and in case no redemption was made by judgment creditors upon the expiration of fifteen months, the assignee would be entitled to a deed of the premises. As held in *McRoberts* v. *Conover*, 71 Ill. 524, an assignment of a certificate of purchase to one entitled to redeem is not a redemption from the sale, and the purchaser will not be permitted to use it as a certificate of redemption. See, also, *Lloyd* v. *Karnes*, 45 Ill. 62, and *Shroeder* v. *Bauer*, 140 id. 135.

But it is said by appellant, that Pierce & Dean were parties to the mechanic's lien proceeding as judgment creditors, and they can not redeem from a sale made under a judgment or decree rendered in a case in which they were parties defendant. Pierce & Dean were made parties to

the mechanic's lien proceeding, because they held a judgment against Wilcox which was subordinate to the lien of the mechanics, William and Samuel Loomis. They were proper parties to that proceeding, but the decree rendered in that case did not deprive them of any right conferred by the statute upon judgment creditors to redeem from a sale. In case the lands sold under the decree had never been redeemed, and the sale ripened into a title, the effect of the decree would have been to divest Pierce & Dean of all lien they had on the premises, but the right of redemption conferred by the statute on them as judgment creditors was not cut off or abridged in the least. *Wood* v. *Whelen*, 93 Ill. 171, is a case in point on this question.

Where a party files a bill to foreclose a mortgage, and there are judgment creditors who have liens against the mortgaged premises subsequent to the mortgage, the judgment creditors are necessary parties to the bill to foreclose, but it has never been understood, because they may be made parties defendant to a bill to foreclose the mortgage, they lose their right to redeem as judgment creditors. Where a debtor becomes involved, and is unable to pay his debts, and the creditors resort to a sale of lands on judgment, it is always desirable that the lands should bring as large a price as possible, in order that all creditors may be paid; hence, the law favors redemptions by judgment creditors. Under the facts, as they appear in this record, we entertain no doubt in regard to the right of Pierce & Dean to redeem from the sale. They were merely exercising a right conferred by law, and a court of chancery had no right to interfere. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*