THE PEOPLE ex rel. Robert Bethmann

v.

FRANK B. BOWMAN et al.

Opinion filed October 16, 1899.

1. MANDAMUS—*mandamus should not be resorted to to compel master in chancery to execute deed.*  A master in chancery who has issued a certificate of purchase under a mortgage may be compelled, in a summary proceeding before the chancellor, to execute a deed in accordance with the rights of the holder, and resort should not be had to a proceeding by *mandamus.*

2. MORTGAGES—*judgment creditor not deprived of statutory right to redeem by being joined in foreclosure against debtor.*  A judgment creditor whose lien against mortgaged premises is subsequent to that of the mortgagee, although a necessary party to the bill to foreclose the mortgage, is not, by reason of his being made a party, deprived by the decree of his statutory right to redeem from the sale as a judgment creditor.

3. SAME—*judgment creditor may redeem though he obtains a deed from mortgagors after twelve months.*  The redemption of lands of a debtor sold on mortgage foreclosure may be made by a judgment creditor within the fifteen months prescribed by statute, although after the expiration of twelve months he obtained a deed from the mortgagors to the lands sold under the decree of foreclosure.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

Joseph and Lizzie Geppert delivered their mortgage deed of trust conveying certain property in St. Clair county, securing an indebtedness of $2000, which was recorded June 30, 1894.  September 28, 1896, B. Goedde obtained a judgment against Geppert and his wife in the circuit court of St. Clair county for the sum of $400.22, on which execution issued October 12, 1896.  A bill was filed to foreclose the above mortgage, making B. Goedde a party defendant, to which he filed answer, and a decree of sale in foreclosure being rendered, sale was had March 27, 1897, at which the property foreclosed was bought by one Henry Mannle, and a certificate of purchase was issued to him by the master, which he afterwards as-

signed to the plaintiff in error. An *alias* execution issued June 22, 1898, on which a levy on the property sold under the mortgage was made June 24, 1898, and the property was accordingly advertised by the sheriff and sold on the 23d day of July, 1898, to B. Goedde for $3198.80, and certificate of purchase issued to him entitling him to a deed at the end of sixty days, if no redemption. June 24, 1898, no redemption having been made by the mortgagors, the sheriff issued to B. Goedde a certificate of redemption for the sum of $2707.03, being in full for redemption from the foreclosure-sale.

By deed bearing date June 22, 1898, acknowledged June 23, 1898, and filed for record June 24, 1898, Joseph Geppert, and Lizzie, his wife, conveyed by quit-claim deed, for the expressed consideration of $5000, the premises in question to B. Goedde. The real consideration of this deed was, however, $300. Afterwards, the fifteen months for redemption having then expired, the plaintiff in error presented his certificate of purchase to the master in chancery, the defendant in error herein, and tendered to him his fees and demanded of him a deed to the property. The master refusing to deliver him a deed, plaintiff in error filed his petition for a writ of *mandamus* to compel the defendant in error, Frank B. Bowman, to execute and deliver to him a deed in proper form conveying the premises to him, and making B. Goedde a party defendant. The defendants answered, and a hearing being had before the court, a jury being waived, and the facts appearing as above stated, the writ was denied and judgment rendered for the defendants and against the petitioner for costs. An appeal to the Appellate Court being prosecuted, the appeal was there dismissed on the ground that the suit involved a freehold, and leave being given to withdraw the record, this writ of error is brought.

M. MILLARD, for plaintiff in error.

SILAS COOK, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It appears from the record in this case that a sale was made by the master under a decree of foreclosure and a certificate of purchase was issued. Subsequently, on the 22d day of June, more than fourteen months after such certificate of sale was issued, the mortgagees sold and conveyed their right of redemption to a judgment creditor. The certificate of purchase issued on the mortgage sale was assigned to the relator. The judgment creditor, who acquired the right of redemption from the mortgagors, redeemed from the sale under an *alias* execution issued on a judgment in his favor, recovered before the decree of sale. A levy was made under the execution of that judgment creditor, who redeemed, and a sale under the execution and redemption was made for the amount of the redemption and the debt of the judgment creditor. That sale was made more than fifteen months after the expiration of the time of redemption under the certificate made on the mortgage sale, but the redemption was made within the fifteen months from the time of the sale under the mortgage. The relator, who holds the certificate under the mortgage sale, asked leave to file a petition in *mandamus* against the master in chancery to compel him to execute a deed in accordance with that certificate.

As a matter of practice the application for leave to file a petition for *mandamus* should have been denied. Where a certificate of sale is issued by an officer of a court, such as the master in chancery, that officer, on notice, is before the court at all times, and may by the chancellor be compelled to discharge his duty in a summary proceeding to be heard before the chancellor, and such summary proceeding is a proper remedy to be resorted to to compel the execution of a deed under a certificate of sale, where one is entitled to such deed, and not a resort to a proceeding by *mandamus*. If the latter

method is to be invoked, confusion in the determination of business by the chancellor and complication of the records would necessarily result, which could be avoided by a proper resort to a summary proceeding before the chancellor to compel his officer to comply with his duties. It might well be held that in a case of this character resort cannot be had to a proceeding by *mandamus,* and the petition for *mandamus* would have been obnoxious to a general demurrer for these reasons.

As a matter of practice we have deemed it proper to consider these two questions that arise from an examination of this record but are not raised by assignment of error on the part of the plaintiff in error or by assignment of cross-errors.

The theory of the relator is that, the bill having been filed by mortgagee against the mortgagor and B. Goedde, a judgment creditor of the mortgagor, the judgment creditor was not entitled to redeem after the expiration of one year, as the decree found. It was held in *Boynton* v. *Pierce,* 151 Ill. 197: "Where a party files a bill to foreclose a mortgage, and there are judgment creditors who have liens against the mortgaged premises subsequent to the mortgage, the judgment creditors are necessary parties to the bill to foreclose, but it has never been understood because they may be made parties defendant to a bill to foreclose the mortgage they lose their right to redeem as judgment creditors." In this case it appears that B. Goedde had recovered a judgment against the mortgagors before the foreclosure of the mortgage, hence he, as a judgment creditor, was a proper and necessary party to that proceeding. But the decree rendered in this case did not deprive him of any right conferred by the statute upon a judgment creditor to redeem from the sale. The right conferred by statute on him as a judgment creditor was not cut off or abridged by reason of his having been made a party to the bill to foreclose, nor by virtue of anything found in the decree. *Wood* v. *Whelen,* 93 Ill. 153.

It is contended, however, by the plaintiff in error, that because of the fact that after the expiration of twelve months and before the expiration of fifteen months said Goedde obtained a deed from the mortgagors to the lands sold under the decree of foreclosure, he could not, as a judgment·creditor, redeem his own lands. This position is not sound. The mortgagors themselves could not redeem after the expiration of twelve months, and the creditor who took title from the mortgagors to whatever interest they had under their deed, obtained no greater right than they had, and that deed conferred no right of redemption. The judgment creditor, as such, had a right of redemption before the execution of the deed, and the deed effected no merger of his judgment in the title so as to prevent such redemption. As held in *Boynton* v. *Pierce, supra*: "Where a debtor becomes involved and is unable to pay his debts, and the creditors resort to a sale of lands on judgment, it is always desirable that the lands should bring as large a price as possible, in order that all creditors may be paid; hence the law favors redemptions by judgment creditors." Under the redemption made by the judgment creditor, and sale thereunder, he bid the full amount necessary to redeem, as well as the amount of his judgment, and the holder of the certificate under the mortgage sale obtained the full amount to which he was entitled, and has no equitable right to a deed. Neither has he any legal right to a deed under the facts appearing in this record.

It was not error in the circuit court of St. Clair county to deny the writ and enter judgment for costs against the relator.

The judgment is affirmed.     *Judgment affirmed.*