ALICE HEINROTH, Appellant, *vs.* ALBERT C. FROST *et al.* Appellees.

*Opinion filed April 19, 1911.*

1. MORTGAGES—*sale under foreclosure decree is a sale of all the interest of every party.* A sale of land under a decree of foreclosure is a sale of every interest in the land belonging to any party to the suit and discharges the land from every lien of such party, and all interests are merged in the certificate of purchase.

2. SAME—*right of creditor to redeem does not depend upon any lien.* The right of a judgment creditor to redeem from a foreclosure sale does not depend upon any lien on the property but exists solely by reason of section 20 of the act concerning judgments, decrees and executions.

3. SAME—*creditor's judgment may be in any county or court in the State.* The only requirement of section 20 of the act concerning judgments, decrees and executions, which gives a creditor the right to redeem from a foreclosure sale, is that the creditor shall have a judgment upon which an execution is authorized to issue, and it may be in any county or any court in the State.

4. SAME—*party may have right to redeem both as a party interested and as a judgment creditor.* A party may have a right to redeem from a foreclosure sale both as a person interested in the premises under section 18, and as a judgment creditor under section 20, of the act concerning judgments, decrees and executions.

5. SAME—*party to foreclosure suit may redeem as a judgment creditor.* The fact that a person is a party to a decree foreclosing a mortgage does not prevent such person from redeeming from the foreclosure sale after twelve months and within fifteen months from the sale, provided he obtains a decree or judgment so as to bring himself within the terms of the statute.

6. EJECTMENT—*when the parties claiming under junior encumbrance cannot maintain ejectment.*  If the foreclosure of a first mortgage, the sale, redemption and subsequent conveyances are in conformity with the law, the title of the mortgagor and all other parties to the suit becomes vested in the grantees, and ejectment cannot be maintained against them by persons claiming through a junior mortgage.

7. JUDGMENTS AND DECREES—*finality of a foreclosure decree where unknown owner is notified by publication.*  Where a person is made a party to a foreclosure proceeding by publication as an unknown owner, the decree is for three years subject to the right of such person, under section 19 of the Chancery act, to appear and answer the bill, but, subject only to that right, the decree is final, and enforceable the same as if had on personal service.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

LESLIE A. NEEDHAM, (GEO. W. FIELD, of counsel,) for appellant.

HOLLAND & ELLIOTT, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Alice Heinroth brought an action of ejectment against appellees and has appealed from a judgment in their favor.

The Winthrop Harbor and Dock Company is the common source of title.  On December 8, 1899, it mortgaged the premises in controversy, together with another tract containing about one and three-fourths acres, to secure its note for $10,000.  The mortgage was foreclosed at the March term, 1902, of the circuit court of Lake county, and on May 13, 1902, the mortgaged premises were sold by the master under the decree to William Jones, the complainant. On August 13, 1903, Caroline Roth redeemed from that sale as a judgment creditor of the Winthrop Harbor and Dock Company.  Another redemption by another judgment creditor followed, and litigation ensued between Mrs. Roth and the other judgment creditors of the Winthrop

Harbor and Dock Company, which resulted in a decree setting aside the sale under Mrs. Roth's execution, ordering a sale of the premises by the master and providing for the distribution of the proceeds. That litigation came to this court, where the decree was affirmed. (*Burnham* v. *Roth,* 244 Ill. 344.) A sale of the premises was afterward made by the master under that decree, and the appellees derive their title from that sale.

On January 31, 1901, the Winthrop Harbor and Dock Company conveyed to William T. Underwood the premises in controversy, together with a large amount of other real estate, in trust to secure a number of notes, and this trust deed was foreclosed at the March term, 1903, of the circuit court of Lake county. On May 19, 1903, the master sold, under this decree, to Caroline Roth all the real estate conveyed by the trust deed, including the premises which had been sold under the former decree, a year before, to William Jones. On June 25, 1904, Frank H. T. Potter, as assignee of a judgment against the Winthrop Harbor and Dock Company, redeemed from the master's sale of the premises in controversy and other premises, and subsequently, by virtue of a sale pursuant to said redemption, received from the sheriff a deed for all the premises so redeemed. It is under this deed that the plaintiff derives her title.

On November 26, 1900, the Winthrop Harbor and Dock Company executed a trust deed conveying to the Security Title and Trust Company, as trustee, the same property included in the mortgage of December 8, 1899, to secure the payment of twenty-nine notes of the Winthrop Harbor and Dock Company, twenty-eight being for $600 each and one for $700. These notes became the property of Caroline Roth, who redeemed from the sale under the first mortgage and also became the purchaser at the sale under the subsequent trust deed to Underwood. The trustee, the Security Title and Trust Company, was made a party to the

suit for the foreclosure of the first mortgage, as were also the unknown owners of the notes secured by the trust deed, who were notified by publication. Mrs. Roth was not made a party by name and did not appear. The decree was by default against all the defendants, finding the amount due the complainant, only, and that it was a first lien. The sale was to the complainant for his debt, interest and costs.

The twenty-nine notes secured by the trust deed to the Security Title and Trust Company were also included among the notes secured by the Underwood trust deed, though their lien, except as to the property included in the former trust deed, was inferior to other notes secured by the latter. The unknown holder of these twenty-nine notes, who was Caroline Roth, was made a party to the suit for the foreclosure of the Underwood trust deed. Mrs. Roth answered the bill, simply stating that she was the holder of the twenty-nine notes secured by the Underwood trust deed. The decree found that these notes were a second lien, and ordered that if the amount due on complainant's first lien was not paid the lands should be sold, and if there should be a surplus after satisfying the first lien it should be applied upon the second lien up to $18,951.16. All the property included in the first mortgage and in the trust deed to the Security Title and Trust Company had been sold at the master's sale under the first decree of foreclosure before the suit to foreclose the Underwood trust deed was begun, and no mention was made of either the mortgage or trust deed or of the decree or sale, in the bill, answer or elsewhere, in the later suit. During the pendency of this suit, on March 30, 1903, Mrs. Roth recovered a judgment in the circuit court of Cook county on a part of her twenty-nine notes, a transcript of which was later filed in Lake county, and it was under this judgment, upon which a balance yet remained unpaid after the sale under the Underwood decree, that the redemption was made from the Jones sale.

On behalf of the appellant it is insisted that Mrs. Foley, the complainant in the suit to foreclose the Underwood trust deed, was not a party to the Jones suit to foreclose the first mortgage and was therefore not bound by the decree in that case; but it is manifest that the Jones mortgage being prior to the Underwood trust deed, if its foreclosure and the sale, redemption and subsequent conveyances were in conformity to law, the title of the Winthrop Harbor and Dock Company and all other parties to that suit has become vested in the appellees, and that the appellant, claiming through a junior encumbrance, cannot maintain ejectment against the appellees, who claim under the foreclosure of the prior encumbrance. Therefore, if the proceedings under which the appellees claim are found to be in conformity to law, it will be unnecessary to investigate the appellant's claim of title.

The question of the validity of the appellees' title turns upon Mrs. Roth's right to redeem from the sale to Jones on May 13, 1902. No objection is made to the sufficiency of the decree or the formality of any of the proceedings, but it is insisted that Mrs. Roth was not a creditor having a right, under the statute, to redeem. The proposition is advanced that a sale under a decree of foreclosure in default of payment of the amount due upon a prior mortgage lien directing the payment of the surplus arising from the sale upon a subsequent lien, not only extinguishes the subsequent lien but forever discharges the land from the payment of the debt, even though no decree of sale for the satisfaction of the subsequent lien has been made. The sale of land under a decree of foreclosure is a sale of every interest in the land belonging to any party to the suit and discharges the land from every lien of such party. All are merged in the certificate of purchase. (*Ogle* v. *Koerner,* 140 Ill. 170; *Lightcap* v. *Bradley,* 186 id. 510.) Subsequent judgments do not become a lien on the property. The right of a creditor to redeem does not depend upon

any lien on the property, but exists solely by reason of section 20 of chapter 77 of the Revised Statutes of 1874. (*Commerce Vault Co.* v. *Barrett*, 222 Ill. 169.) The only requirement of that section is that the creditor shall have a judgment upon which an execution is authorized to issue, and it may be in any county or any court in the State. Any such judgment creditor may redeem by following the course directed by the statute. Upon this statutory right appellant would impose two limitations not found in the statute, viz., that a party, though a judgment creditor, may not redeem from his own sale, and that a party may not have the right to redeem both as a defendant or person interested in the premises under section 18 of chapter 77 and as a judgment creditor under section 20. In connection with the latter proposition it is insisted that as Mrs. Roth was a party to the Jones foreclosure suit only as the unknown owner of the notes secured by the trust deed to the Security Title and Trust Company and was notified by publication, only, the decree as to her was interlocutory and did not become final until three years from its date. It is true that Mrs. Roth might, under section 19 of the Chancery act, within three years have appeared, answered the bill and made defense if she had desired to do so, and that all rights acquired under the decree would have been subject to the further action of the court. But subject to such action as might be had upon her application the decree was conclusive. It might be enforced and all rights acquired under or with reference to it would be valid to the same extent as if it had been rendered on personal service. Mrs. Roth did not appear and answer the bill, and the decree has at all times since its rendition had the same force and the rights of all persons in relation to it have been the same as if it had been rendered on personal service.

The contention that a party may not have the right to redeem both as a person interested in the premises under section 18 and as a judgment creditor under section 20 has

been decided adversely to the appellant in *Whitehead* v. *Hall,* 148 Ill. 253, and *Beadle* v. *Cole,* 173 id. 136. In each of those cases a second mortgagee was made a party to a bill to foreclose the first mortgage, and at the sale the first mortgagee became the purchaser for the amount of the decree, interest and costs. It was held that the second mortgagee had a right to redeem within twelve months after the sale under section 18, and having obtained a decree of foreclosure of his mortgage was also entitled to redeem as a decree creditor under section 20 after twelve months and within fifteen months of the sale.

Whether a party may redeem from his own sale or not is a question which is not presented by this record. Neither of the foreclosure sales here was Mrs. Roth's. They were not brought about by her. In the Jones decree she did not even answer, but the decree was by default. In the Underwood decree she answered, merely setting up her ownership of certain notes mentioned in the bill but asking no relief. In neither case was her statutory right of redemption affected by the decree. Under the two cases last cited she had a right to redeem from either sale within twelve months. Under them, also, if she obtained a decree or judgment so as to bring herself within the terms of the statute as a decree or judgment creditor, she would have a right to redeem after twelve months and within fifteen months of the sale. We have many times recognized the right of a judgment creditor to redeem after twelve and within fifteen months from a sale made under a decree to enforce a prior lien to which such judgment creditor was a party. (*Boynton* v. *Pierce,* 151 Ill. 197; *People* v. *Bowman,* 181 id. 421; *Wehrheim* v *Smith,* 226 id. 346; *Wood.* v. *Whelen,* 93 id. 153.) Whether Mrs. Roth, at the sale under the second foreclosure decree on May 19, 1903, acquired anything or not,—whether, as the successor to an interest which had not been represented in the previous foreclosure, she had any right to redeem or not,—under

the plain language of the statute and the decisions of this court which have been mentioned she had the right, as a judgment creditor, to redeem from the sale of May 13, 1902. No irregularity having been complained of in the proceedings prior or subsequent to the redemption, the title passed by those proceedings to the appellees and must prevail against a title founded on the later mortgage.

*Judgment affirmed.*