THIRD DISTRICT—APRIL, 1917.        529

Chicago Savings Bank & Trust Co. v. Coleman, 206 Ill. App. 529.

## Chicago Savings Bank & Trust Company, Plaintiff in Error, v. L. H. Coleman et al., Defendants in Error.

MORTGAGES, § 703*—*what determines right of redemption by judg-. ment creditors.* The right of priority of judgment creditors to redeem from a mortgage foreclosure sale after the expiration of the twelve-month period in which the mortgagor has the right of redemption is determined by the date of the original judgment, whether that judgment is rendered in the county where the property sought to be redeemed is situated or some other county of the State, and it is immaterial that a transcript of the prior judgment in another county is not filed in the county in which the land is situated before the rendition of another judgment in such latter county.

Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

KEITHLEY & KEITHLEY, for plaintiff in error.

BARBER & BARBER, for defendants in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

On May 13, 1915, certain lands of one John S. Level in Sangamon county, Illinois, were sold at foreclosure sale. The mortgagor did not redeem the premises from that sale.

At the time of the sale there were in existence four judgments against the mortgagor as follows:

One in favor of John C. Chrystal recovered in the Circuit Court of Cook county, Illinois, on December 7, 1912, a transcript whereof was filed in the office of the clerk of the Circuit Court of Sangamon county on December 14, 1912; one in favor of Arthur H. Renaud recovered in the Municipal Court of Chicago, Illinois,

on February 3, 1914, a transcript whereof was filed in the office of the clerk of the Circuit Court of Sangamon county on August 27, 1914; one in favor of L. H. Coleman recovered in the Circuit Court of Sangamon county, Illinois, on November 9, 1914; and one in favor of the Chicago Savings Bank & Trust Company recovered in the Circuit Court of Cook county, Illinois, on January 28, 1913, a transcript whereof was filed in the office of the clerk of the Circuit Court of Sangamon county, Illinois, on November 10, 1914.

Neither John C. Chrystal nor Arthur H. Renaud has ever made any attempt to redeem the land in question under their judgments and they are in no way interested in these proceedings.

The sole question here involved is which of the holders of the other two judgments has the prior right to redeem.

It is claimed on the part of the Chicago Savings Bank & Trust Company that the right of priority is determined by the date of the original judgment, whether that judgment is rendered in the county where the property sought to be redeemed is situated or some other county in the State, while the contention of the representatives of the Coleman judgment is that in order that a judgment in a county other than the one in which the land is located can be held to have the prior right to redeem, not only must the judgment itself be prior to any judgment in the county where the land is located, but that the transcript of it must be filed in the office of the Circuit Court in such county prior to the date of any judgment there recovered. The Circuit Court held that defendant in error had the prior right to redeem, and entered an order accordingly.

Section 18, ch. 77 (J. & A. ¶ 6764), provides that the defendant, his heirs, administrators, assigns, or any person interested in the premises, through or under

Third District—April, 1917.     531

Chicago Savings Bank & Trust Co. v. Coleman, 206 Ill. App. 529.

him, may redeem twelve months after the premises are sold.

Section 20 of the same chapter (J. & A. ¶ 6766) provides that if those mentioned in section 18 do not redeem within twelve months after the sale, then that any judgment creditor, or those claiming under or through them, may redeem within fifteen months after the sale.

Section 24 of the same chapter (J. & A. ¶ 6770) provides: "When there are several decree or judgment creditors, the creditor having the senior judgment or decree shall have the preference to redeem during the first two days next after the expiration of the twelve months, and the other creditors shall respectively have preference to redeem during a like time, in the order of seniority of their several judgments or decrees; but where two or more judgments or decrees bear equal date, the creditor first paying the redemption money shall have preference."

The language of that statute is certainly clear. By its terms it gives to judgment creditors priority in the matter of redemption in the order of the dates on which their judgments were recovered. Defendant in error however insists that these sections must be read and construed in connection with section 1 of chapter 77 (J. & A. ¶ 6747), and that when these sections are all read together the word "judgment" must be construed to mean the lien of the judgment and the right to have an execution issue in the county where the land lies. The section 1 referred to provides: "Upon the filing in the office of the clerk of any court of record in any county in this State, of a transcript of a judgment or decree rendered in any other county of this State, such judgment shall have the like force and effect, and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue thereon in

,said county, in like manner as in the county where originally obtained.''

It may be conceded for the purpose of this case, although we are not deciding that point, that, since the passage of the last section above quoted, a judgment in a county other than the one where the land is located will not furnish a basis for redemption until, by the filing of a transcript of such judgment in the county where the land is, the right to have an execution issue there exists, but it seems certain that the priority of the right to redeem still depends on the date of the judgment proper and not upon either the date of the filing of the transcript or of the issuing of the execution. The law authorizing the filing of transcripts of foreign judgment in the various counties of this State certainly was never intended to restrict or limit the rights of judgment creditors as theretofore existing, as would be the case if such a construction should prevail, but was rather intended to give additional rights and a surer means of collecting claims. The filing of a transcript of a judgment in a county foreign to the one where the judgment was recovered does not give a new judgment in such county. It gives to such foreign judgment the same force and effect in the county where the transcript is filed as it has in the county where it was obtained. If it is void for want of jurisdiction originally, or is for any other reason voidable or irregular, such defects or irregularities are not cured by filing the transcript somewhere else. The judgment itself is all the time local in the county where it was recovered. It is only its force and effect that is carried into a foreign county by the filing of a transcript there.

The Supreme Court in *Heinroth v. Frost*, 250 Ill. 102, said:

''The right of a creditor to redeem does not depend upon any lien on the property, but exists solely by rea-

son of section 20 of chapter 77 of the Revised Statutes of 1874. * * * The only requirement of that section is that the creditor shall have a judgment upon which an execution is authorized to issue, and it may be in any county or any court in the State. Any such judgment creditor may redeem by following the course directed by the statute."

The right of plaintiff in error to redeem was prior to that of defendant in error. The order of the Circuit Court is reversed and the cause is remanded to that court with directions to enter an order in accord with the views here expressed.

*Reversed and remanded with directions.*