432

FERDINAND HOTZ AND CLOTHILDE HOTZ, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97075. Promulgated July 24, 1940.

*Edward J. Metzdorf, Esq.*, for the petitioners.
*David Altman, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The Commissioner determined a deficiency of $515.99
in petitioners' income tax for 1936. He disallowed several deductions
taken by the petitioners on their joint return. None of these is now
in issue. The only issue is as to the right of Clothilde Hotz, herein-
after called the petitioner, to a deduction in 1936, not taken on the
return and hence not mentioned in the deficiency notice, for loss in
respect of a real estate venture which originated in 1924. The facts
have all been stipulated and are hereby found as stipulated.

In December of 1924 Ferdinand Hotz, as agent for petitioner, his
wife, entered into a joint venture with Murray and Terry for the
purchase of a farm in Lake County, Illinois, at a cost of $27,580.
Petitioner had a half interest, Murray and Terry each a fourth. The
coadventurers agreed to contribute to the purchase, maintenance, and
operation of the property in accordance with their respective interests
and to share any resulting profits or loss from its operation or dispo-
sition. Half the purchase price, $13,790, was paid in cash, $6,895 by
petitioner and $6,895 by Murray and Terry. A purchase money
mortgage was given for the balance of $13,790. Title was taken in
Hotz' name for the benefit of the coadventurers and he executed the
mortgage. No payments were made on the principal of the mortgage.
Improvements were made for which petitioner paid her share, $674.84.
In 1932 Murray and Terry informed Hotz and petitioner that they
would not continue to pay their share of the mortgage interest. Peti-
tioner was able and willing to pay her share and desired to avoid
losing the property. Hotz attempted, in petitioner's behalf, to have
the mortgagee take over the shares of Murray and Terry and reduce
the mortgage both as to principal and interest. This the mortgagee
was unwilling to do.

In November 1934, after saying that he would be willing to pay $500
for a quitclaim, the mortgagee instituted foreclosure proceedings.

Decree was entered March 9, 1935, and the foreclosure sale was held by the Master on April 23, 1935, at which time the mortgagee bid $16,000 and received a Master's certificate. The sale was approved by the court and a deficiency judgment was entered for $628.07. Before the expiration of the redemption period of twelve months applicable to a mortgagor and an additional three months applicable to judgment creditors, Hotz, acting for petitioner, notified the mortgagee that the property would be redeemed and that he would secure quitclaim deeds from Murray and Terry. He was advised that this was unnecessary and that it would be sufficient if he paid the redemption money to the mortgagee, who would thereupon assign the Master's certificate to Hotz' nominee; and that, after the expiration of the fifteen-month period, the Master would deed the property to such nominee. This was done, and on April 22, 1936, Hotz, in petitioner's behalf and with her funds, paid $17,894.53 to the mortgagee, who thereupon assigned the Master's certificate to Bruckner, the nominee. On September 1, 1936, after the expiration of the fifteen-month period, the Master executed a deed to Bruckner, who on September 3, 1936, executed a deed to Hotz as nominee of petitioner, and also executed a release from the deficiency judgment.

The petitioner contends that she sustained a loss of her original investment in the property, which was realized in 1936 at the expiration of the statutory period for redemption from the foreclosure sale. This can not be sustained. Not until the expiration of the redemption period could she have been regarded as sustaining a loss. *Commissioner* v. *Hawkins*, 91 Fed. (2d) 354; *Derby Realty Corporation*, 35 B. T. A. 335; appeal dismissed, 92 Fed. (2d) 999. Before the redemption period had expired, petitioner had acquired the property by an additional investment. When her husband, in April 1936, paid the $17,894.53 to the mortgagee and the Master's certificate was assigned to Bruckner, the petitioner saved herself from the loss which she might otherwise have sustained. Having a right to redeem the property and a means of avoiding its final loss on foreclosure, she accomplished that result. It is not important that the means adopted were not strictly what the Illinois law describes as a redemption. Cf. *Herdman* v. *Cooper*, 138 Ill. 583; 28 N. E. 1094; *Keller* v. *Coman*, 162 Ill. 117; 44 N. E. 434; *Boynton* v. *Pierce*, 151 Ill. 197; 37 N. E. 1024; *Hooper* v. *Goldstein*, 336 Ill. 125; 168 N. E. 1; certiorari denied, 281 U. S. 724. For tax purposes the result was the same as if she had paid off the mortgage before foreclosure. It is not necessary to consider whether the venture with Murray and Terry still persisted so that her acquisition of the property inured to their benefit, *Lomax* v. *Gindell*, 117 Ill. 527; 7 N. E. 483, because the only question here is whether petitioner in 1936 sustained the loss which she relies upon.

This case is like *Commissioner* v. *Hawkins, supra,* in that the effects of the foreclosure were not permitted to become definitive and petitioner's interest in the property did not in fact terminate. This was regarded as a distinction by the court in *Tompkins* v. *Commissioner,* 97 Fed. (2d) 396, which involved a foreclosure with no suspension of title during a redemption period. The *Tompkins* citation is no support for petitioner's argument here.

In our opinion, the petitioner sustained no loss in 1936 in respect of her interest in the property, and she correctly refrained from taking a deduction on that account in her 1936 return.

*Decision will be entered under Rule 50.*

