## JOHN H. MORSE *et al.*

*v.*

## LORINDA D. SMITH.

1. MORTGAGE—*right of subsequent mortgagee to redeem from prior mortgage, and effect thereof.* A second mortgagee has the right to redeem from a sale under a prior mortgage, and, by so doing, he acquires all the rights that the mortgagor would have attained if he had made such redemption, subject to the right of the mortgagor or his assignee to redeem by refunding the redemption money and paying to the second mortgagee so redeeming the amount of his original mortgage debt.

2. SAME—*mortgagee not bound to speculate as to adequacy of security.* A mortgagee of several tracts of land, a portion of which are subject to a prior mortgage, has a right to redeem from a sale under such prior mortgage without showing that it is necessary to protect the security of his mortgage debt, and that the other tracts in his mortgage are not of sufficient value to pay his mortgage debt. He is under no obligation to take any risk as to the adequacy of his security.

3. PRACTICE IN SUPREME COURT—*who may assign errors.* Where parties, on their own motion, are admitted as defendants to a bill in chancery, and file a cross-bill, which, upon final hearing, is dismissed, and they do not appeal, and their names are not mentioned in the order allowing an appeal to other parties, and they are not brought into this court, they can not be allowed to assign errors.

APPEAL from the Circuit Court of Peoria county.

Mr. H. W. WELLS, for the appellants.

Messrs. COOPER & LAPHAM, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

John H. Morse and wife executed to Lorinda D. Magill a mortgage, bearing date May 1, 1867, to secure a note of $700. The property mentioned in the mortgage was lot five, in block eleven (11), in the city of Peoria, and certain other lots. This mortgage was recorded January 23, 1869. Morse and his wife had, on April 3, 1867, executed a former mortgage of the lot five to one Simpson to secure to him a debt of some $2500, and the Simpson mortgage was recorded April 6, 1867.

Lorinda Magill was married September 1, 1867, to John McClay Smith. In 1872 the Simpson mortgage was foreclosed by *scire facias*, under the statute, and this lot five sold to satisfy the judgment on the 31st day of July, 1872, and the certificate of purchase given at the sale was, by assignment, afterwards transferred to Sallie B. Rankin.

In February, 1873, John McClay Smith died, and on the 31st day of July, 1873, his widow, Lorinda Smith (formerly Lorinda D. Magill), as mortgagee of Morse, redeemed this lot five from the sale under the Simpson mortgage, by paying to Sallie B. Rankin $3011.30. Before this, Morse had conveyed, by deed or mortgage, lot five to Van H. Higgins.

The case at bar is a suit in chancery, brought against Morse and his wife, and Van H. Higgins, to foreclose her mortgage for $700 and interest, and to charge lot five with the money paid by her in redemption of the same from the sale under the Simpson mortgage, claiming to be subrogated to the rights of the first mortgagee in that respect.

The circuit court found the amount due on the Magill mortgage to be $913.76, and the amount to which complainant was entitled for the redemption money and interest thereon to be the sum of $3156.34, and decreed the sale of the lots (in the Magill mortgage, other than lot five) to satisfy the Magill mortgage and the sale of lot five to satisfy the amount due on account of the redemption from the proceedings under the Simpson mortgage, and also to satisfy the deficit, if the proceeds of the other lots failed to satisfy the Magill mortgage.

From this decree, Morse and Higgins appeal to this court, and contend that the court "erred in rendering a decree for complainant for the amount said to be paid for the redemption of the lot" five from the sale under the judgment in the action by *scire facias* brought on the Simpson mortgage. Appellants insist that it was a voluntary payment of a debt of Morse.

The record contains no proof as to the value of the lots (in the Magill mortgage), other than lot five; and appellants insist that complainant had no right to redeem from the Simpson mortgage, unless it was necessary to protect the security

for the payment of her mortgage debt, and, until complainant had proven that the lots, other than lot five, were not of sufficient value to pay her mortgage debt, no such necessity is shown.

The positions of appellants are not sound. Complainant was not bound to take any risks as to the adequacy of her security exclusive of this lot five. She was under no obligation to speculate as to its adequacy. By redeeming lot five from the sale under the Simpson mortgage, she does not claim to have created any personal liability on the part of Morse, or on the part of Higgins, to refund to her the redemption money, nor does the court decree that they, or either of them, are liable to make such payment.

By redeeming from that sale, complainant simply exercised a right granted to her by the mortgage made to her by Morse. That mortgage placed her in the shoes of Morse, as to his right to redeem from the Simpson mortgage. Having exercised it, she had all the rights he would have attained by such redemption, subject to the right of Morse ʻor his assignee to redeem by refunding to her the redemption money and interest, and paying to her her original mortgage debt and interest on that. The object of this suit is to recognize their rights in this regard, and to fix a limited time within which such right shall be exercised or be foreclosed by sale. We find in the record no just ground of complaint in behalf of the appellants, or either of them. As to them, the decree must be affirmed.

The record shows that Arthur Smith and Herbert Smith, upon their own application, were admitted as parties defendant to complainant's bill, and filed their answers, and also their cross-bill, in which they claimed that the money mentioned in the Magill mortgage was, in equity, their money, and should be paid to them, and not to complainant. Issue was formed under this cross-bill, and, upon final hearing, the circuit court ordered their cross-bill to be dismissed. They have come in here and assigned error upon the record, and insist that the court erred in dismissing their cross-bill, and insist that the

decree should have given them the money to be raised to satisfy the $700 mortgage.

The question presented by these parties (Arthur and Herbert Smith) can not be considered by this court in this proceeding. The transcript shows that these parties did not appeal. Their names are not mentioned in the prayer for appeal, nor in the order allowing the appeal. The errors assigned by them are not joined upon the record. These parties have not brought complainant into this court, either by appeal or by writ of error. The errors assigned by them are ordered to be stricken from the record without prejudice.

*Decree affirmed.*