S. S. WHITEHEAD

*v.*

HENRY HALL.

*Filed at Springfield November 28, 1893—Rehearing denied Jan. 11, 1894.*

1. REDEMPTION—*from foreclosure sale—by junior mortgagee.* Where two mortgages are executed at different times, on the same land, the junior mortgagee will have the right, under the statute, (chap. 77, sec. 18,) to redeem from a sale made on the foreclosure of the prior mortgage, at any time within twelve months after that sale. If, however, the junior mortgagee has obtained a personal decree for his debt, and sale of the mortgaged premises, he may, under section 20 of the same chapter, redeem from the sale after the expiration of twelve months, and within fifteen months thereafter, as a decree creditor.

2. SAME—*by decree creditor.* A decree creditor is not required to sue out an execution under his decree and have the same levied on the land and the levy indorsed on the execution, to enable him to redeem the land sold, as a decree creditor. In such case, under the chancery practice, no execution or levy is either necessary or proper. The master, on receipt of the redemption money, may sell on the decree held by the redemption creditor.

3. The fact the junior mortgagee was made a party to the bill to foreclose the prior mortgage, and by decree therein allowed twelve months after the sale in which to redeem, will not deprive him of the right to redeem as a judgment or decree creditor after obtaining a decree finding the amount due under his mortgage.

4. SAME—*liberal construction of statute allowing.* A liberal construction is to be given to our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible.

5. PRACTICE—*waiver of objections to evidence.* On a trial by the court without a jury, by agreement of the parties all evidence offered was admitted, subject to objection. No objection was pointed out, at the time of the trial, to any of the evidence, and the ruling of the court asked as to its admissibility: *Held,* that on appeal or error the parties were in no condition to complain of the admission of evidence.

APPEAL from the Circuit Court of Clark county; the Hon. F. BOOKWALTER, Judge, presiding.

Mr. L. B. MITCHELL, and Mr. S. S. WHITEHEAD, for the appellant.

Messrs. GOLDEN & HAMILL, for the appellee.

Mr. CHIEF JUSTICE BAKER delivered the opinion of the Court:

This was ejectment, brought by S. S. Whitehead, appellant, against Henry Hall, appellee, for the recovery of a tract of land in Clark county. The cause was tried before the court without a jury, and the court found the issues for appellee, and rendered final judgment on such finding.

On October 29, 1888, Mandania Coons was the owner of two hundred and fifty-five acres of land, including the land in controversy. On that day she and her husband mortgaged said two hundred and fifty-five acres of land to the Mutual Benefit Life Insurance Company of Newark, New Jersey, to secure an indebtedness of $2500. On November 1, 1888, they gave a second mortgage upon the same land to one James B. Russell, to secure a debt of $125. These two mortgages were separately, but on the same day, foreclosed at the October term, 1889, of the Clark circuit court. On December 24, 1889, a sale was made by the master in chancery under the decree in favor of the insurance company, and the two hundred and fifty-five acres of land was struck off and sold to said company for $3006.48,—the amount of the decree, interest and costs,—and a certificate of purchase was given to the company, and the sale reported to and approved by the court. No redemption of the premises from such sale was made by Mrs. Coons or her husband within the twelve months allowed them by the statute for redeeming, or at any time. On February 10, 1891, after the expiration of twelve months and within fifteen months from the date of sale, Russell redeemed from the sale by paying to the master in chancery who had made the sale, the amount of money required for redemption, and the master thereupon again advertised and sold the same land, and it was struck off to Russell for the amount of the redemption money, interest and costs, there being no other bidder. The master forthwith executed a deed

of the premises to Russell, and made a report of such sale, and of the execution of the deed, to the court, and the report was approved. Russell afterwards conveyed the part of said land that is here in question to one Hamill, and Hamill conveyed it to appellee. Subsequently, on June 10, 1891, appellant obtained from Mandania Coons and her husband a deed for the premises, and then commenced this suit.

The equity of redemption having been mortgaged to Russell, he undoubtedly had a right, under section 18 of chapter 77 of the Revised Statutes, to redeem, as junior mortgagee, from the sale made under the decree based upon the first mortgage, at any time within twelve months after that sale. But he did not avail himself of such right. (*Morse* v. *Smith*, 83 Ill. 396.) The material question here is, whether or not he thereafter had a right to redeem as a "decree creditor."

A liberal construction is to be given to our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. (*Schuck* v. *Gerlach*, 101 Ill. 338.) Section 20 of the statute above mentioned, provides, that if redemption is not made within twelve months after the sale, then "*any* decree or judgment creditor" may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises. Russell was a creditor of Mandania Coons and her husband, and had a personal decree against them for the amount of the debt due him, and a decree that in default of payment within a specified time then the master in chancery should sell the mortgaged premises, and that he might have execution against them for any deficiency appearing from the master's report of sale. The statute expressly gives the right of making redemption to *any* decree creditor, and we think it should be held that Russell was a decree creditor, within the meaning of the statute, and as such entitled to redeem after the expiration of twelve months and within fifteen months from the date of the sale.

It is objected that Russell did not follow the procedure designated in said section 20,—did not sue out an execution and place it in the hands of the sheriff or other proper officer, and have him endorse on the back thereof a levy on the premises desired to be redeemed. We think that Russell followed the mode of procedure pointed out in the statute as far as it was applicable or could be followed. No execution could have been issued on his decree until after a sale thereunder, and then only in the event of a deficiency. The decree specified what property should be sold, and that property was the same property that was redeemed; and it also specified what officer should make the sale. The decree itself was all the process that was required, and under the circumstances of the case, and under the chancery practice, no execution or levy was either necessary or proper. Russell paid the redemption money to the same master in chancery who sold under the first mortgage decree and was ordered to sell under his decree, and the sale under his decree was made by such master. Except in respect to the issuance and delivery of an execution, and the endorsement thereon of a levy, the statute seems to have been strictly followed in making the redemption and subsequent sale. The statute gives to all decree creditors the right of making redemption, but designates a mode of procedure that is in part inapplicable to cases where the decree in equity provides that the judicial sale of specified property shall be made by the master in chancery. It would seem that in such case the requirements of the statute must be followed only so far as is practicable. (*Cummings* v. *Burleson,* 78 Ill. 281.) We think that Russell should not have been deprived of his statutory right to redeem after the expiration of the twelve months, and that what there was of irregularity, if anything, did not go to substantial merits, and render the redemption and subsequent sale void.

It is urged that as Russell was a party defendant to the foreclosure of the senior mortgage, and was by the decree

specifically allowed to redeem within twelve months, he is barred of his right to redeem as a decree creditor. Russell was a junior mortgagee, and the decree cut off his right of redemption as such in twelve months. It dealt with him only in that capacity. It is, however, to be observed, that redemption was expressly allowed to all judgment creditors, etc., within fifteen months from the day of sale. Moreover, Russell, subsequent to the rendition of this decree, became a decree creditor, and the right to redeem given by the statute attached. The decree can not be construed as intending, even if it could have that effect, to cut off the right of redemption given by the statute.

In *Wood et al.* v. *Whelen*, 93 Ill. 171, we said: "Our statute in relation to judgments, decrees and executions provides, that where any defendant fails to redeem real estate sold on execution or decree against him within twelve months, any decree or judgment creditor may, after the expiration of twelve months and within fifteen months from the date of such sale, redeem the premises in a particular mode designated. * * * In our opinion it is a misapprehension of the effect of the decree to suppose it concludes the judgment creditors made parties to the bill, from exercising whatever rights they may have under the statute to redeem the property within three months after the expiration of the twelve months allowed by statute to the owner to redeem, as other judgment creditors would have the right to do. It is apparent when the whole decree, in all its parts, is considered, it was not the intention to, nor does the decree, bar any judgment creditor, whether made party to the bill or not, from exercising whatever right he may have to redeem the property within the period fixed by the statute for that purpose." This is in point here, and controlling as to the right of Russell to make redemption in the manner he did.

This cause was tried, by consent, by the court without a jury, and by agreement of parties all evidence offered was ad-

mitted, subject to objection. No objection was pointed out, at the time, to any of the evidence, and the ruling of the court asked as to its admissibility. Objection is now made that improper evidence was admitted. We are of opinion that appellant is in no condition to complain.

Other questions are submitted by the briefs, but holding, as we do, that the legal title passed to Russell by the redemption and the subsequent sale and deed, a discussion of such questions is unnecessary here.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting:

Upon application for a re-hearing a different view of this case is presented from that which was brought to the attention of the Court upon the first hearing. Russell was a defendant in the proceeding to foreclose the first mortgage. As the holder of the second mortgage, he was an "assign," or a "person interested in the premises through or under" the original mortgagor. His position as a party holding under the mortgagor cannot be affected or changed by the fact, that he has obtained a decree of foreclosure upon his second mortgage. Hence, his right to redeem could only be exercised within twelve months from the sale under the proceeding to foreclose the first mortgage, because section 18 of the Act in relation to judgments, etc., (2 Starr & Cur. Stat. page 1395,) provides that "any defendant, his heirs, administrators, assigns or any person interested in the premises, through or under the defendant, may within twelve months from said sale redeem the real estate so sold by paying to the purchaser thereof, his executors, administrators, or assigns, or to the sheriff or master in chancery * * * for the benefit of such purchaser, his executors, administrators, or assigns, the sum of money for which the premises were sold or bid off, with interest," etc. It was the privilege of the second mortgagee, being a defendant to the suit to foreclose the first mortgage, to bid at the

sale under the decree therein, a sufficient amount to pay what was due on the first mortgage and leave a surplus to be applied on the second. But whether he chose to do so or not, his right to redeem is fixed by said section 18.

Section 20 of said Act in regard to judgments, etc., refers only to a decree creditor who has a money decree, or decree upon which an execution can be issued. The mode of redemption to be pursued by such a decree creditor can only be by issuing an execution according to the express language of section 20. No provision is made in the statute for redemption by a creditor having a mere decree of foreclosure, unless such provision is contained in said section 18.

Mr. JUSTICE PHILLIPS: I concur in the dissenting opinion of Mr. Justice MAGRUDER.