## Sidney Clark et al. v. Daniel W. Brenneman, Eli Brenneman and W. P. Shade, Partners Under the Name of D. W. Brenneman & Co.

1. MORTGAGES—*Practice in Foreclosing.*—It is not error for the court to permit an amount paid, to redeem from a sale under the foreclosure of a prior mortgage, to be added to the amount due on a subsequent mortgage in process of foreclosure.

2. SAME—*Rule of Construction.*—The elementary rule in construction of mortgages is to ascertain from the instrument the intention of the parties, giving meaning to all the words and clauses used, if possible, and then give effect to such intention.

**Foreclosure Proceedings.**—Error to the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1899. Reversed in part and affirmed in part. Opinion filed December 13, 1899.

J. C. & W. B. McBRIDE, attorneys for plaintiffs in error.

JAMES B. RICKS, attorney for defendants in error.

OPINION PER CURIAM.

This was a bill in equity to foreclose a mortgage against plaintiffs in error, the lands being described as the south seven-eighths of the west half of the west half of the southeast quarter of section one, town twelve, range three, the north twenty-one seventieths being subject to the dower of Susan M. Clark; said mortgage is not to include the fee in said dower interest situated in the county of Christian. A decree of foreclosure was entered in the Circuit Court by default, and included the fee in the dower interest as well as the other land described, to reverse which this writ of error is prosecuted.

It is first insisted that the court erred in permitting an amount paid to redeem from a sale under the foreclosure of a prior mortgage to be added to the amount due on the mortgage then foreclosed. We are of the opinion, however, that under the authority of Morse et al. v. Smith, 83 Ill. 396,

this was proper. It is next urged that it was erroneous to include in the decree the land embraced in the above mentioned dower interest for the reason, as it is argued, that the language of the mortgage excludes that portion of the lands free from its lien. Against this contention it is argued that the clause in the mortgage wherein it is declared that the mortgage is not to include the fee in the dower interest is repugnant to that which precedes it, and should therefore be rejected. The mortgage is doubtless bunglingly drawn, yet the elementary rule of construction should be applied to it, which is to ascertain from the instrument the intention of the parties, giving meaning to all the words and clauses, if possible, and then give effect to such intention. Applying this rule we feel compelled to hold that it was the intention of the parties to the mortgage to wholly exclude the north twenty-one seventieths of the tract described, from the operation of the mortgage, and it therefore follows that the decree is erroneous to the extent that it includes such part of the land, and in this respect the decree will be reversed, and otherwise affirmed, and that the decree may be executed to the extent it has been affirmed, the cause is remanded.