GERTRUDE WEHRHEIM

*v.*

PHILETUS SMITH.

*Opinion filed February 21, 1907—Rehearing denied April 18, 1907.*

1. JUDGMENTS AND DECREES—*judgment a lien upon subsequently acquired real estate.* Where a judgment debtor buys real estate and gives a trust deed for part of the purchase price within seven years after the rendition of a judgment against him, upon which an execution had been duly issued within one year, the judgment becomes a lien upon the difference between the value of the property and the amount necessary to discharge the balance due under the trust deed.

2. MORTGAGES—*when judgment lienholder is a necessary party.* One who holds a judgment lien against mortgaged property may be made a party to the proceeding to foreclose the mortgage, and may be compelled to make redemption from the foreclosure sale within the time allowed by law or be forever barred; but if he is not made a party his rights remain the same as though no foreclosure had taken place.

3. EQUITY—*equity having acquired jurisdiction may enforce legal rights.* A court of equity having acquired jurisdiction for one purpose may retain it for all purposes necessary to do complete justice between the parties and determine all their rights in the controversy, even though legal rights are involved which otherwise could be enforced only in a court of law.

4. SAME—*effect where lien of judgment expires pending suit.* Where a bill is filed to determine the rights of a judgment lienholder who had not been made a party to a previous foreclosure sale, and the lienholder answers claiming the right to redeem under his judgment, which is then a valid lien, the court acquires complete jurisdiction of the controversy, and in case the rendition of a final decree is delayed until after the lien of the judgment has expired, the court should, in its decree, provide for revival of the judgment and permit a redemption to be made according to the rights of the parties at the time the bill was filed.

HAND and CARTWRIGHT, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

September 11, 1901, appellant sold the premises which are the subject matter of this suit to Otto C. Meinshausen for the sum of $44,750. Meinshausen paid $8000 of the purchase money in cash and received a deed for the premises, and to secure the balance of the purchase money gave appellant his two promissory notes, one for the sum of $8000 due December 10, 1901, and one for $28,750 due September 11, 1906, which were secured by a trust deed in the nature of a mortgage, bearing date September 11, 1901. The $8000 note was paid but default was made in the payment of the interest on the $28,750 note, and on July 1, 1902, the appellant elected to declare the entire debt due, and filed a bill in the circuit court of Cook county to foreclose said trust deed. That suit ripened into a decree, and the premises were sold at master's sale on December 22, 1902, to satisfy the same. The appellant became the purchaser at the sale, she having bid the amount of the decree, $30,251, and no redemption having taken place, the premises, on March 23, 1904, were conveyed to her by the master. On November 10, 1897, the Euclid Avenue Savings and Banking Company of Cleveland, Ohio, recovered a judgment in the superior court of Cook county against Meinshausen for the sum of $1482.24. Original and *alias* executions were issued on the said judgment within one year from its rendition, which were returned not satisfied by the sheriff of Cook county, and at the time the bill was filed to foreclose the trust deed, said judgment had been assigned to the appellee and remained unsatisfied. The appellant, however, failed and neglected to make the appellee a party defendant to said foreclosure suit, as a judgment creditor of said Meinshausen or otherwise, and on May 4, 1904, the appellant filed this bill against Meinshausen, the appellee and other lienholders who were not made parties defendant to the foreclosure suit, appellee's rights alone being here involved, to settle and determine the rights of said appellee as a judgment creditor in said premises. The prayer of the bill, among other things, was that a decree be entered

requiring appellee to redeem by paying the amount due appellant within a time fixed by the court, not exceeding the time allowed by law for redemption. The appellee filed an answer, claiming the right to redeem from the sale under said foreclosure decree, as the assignee of the judgment of the Euclid Avenue Savings and Banking Company. The case was referred to a master, who reported on December 28, 1904, that the appellee had no interest in said premises, and a decree was entered February 17, 1905, barring the right of the appellee to redeem from said foreclosure sale, as the assignee of said judgment or otherwise. The appellee prosecuted an appeal to the Appellate Court for the First District, where the decree of the circuit court was reversed, and the case was remanded to the circuit court, with directions to enter a decree permitting the appellee to redeem from said foreclosure sale upon the payment by him to the appellant of her debt, taxes, expenses, etc., and the appellant, who was the appellee in the Appellate Court, has prosecuted an appeal to this court.

C. A. WILLIAMS, (H. J. HAMLIN, of counsel,) for appellant:

A judgment of a court of record is a lien upon land for seven years if execution issues within one year, and ceases to be a lien at the end of seven years unless a levy has been made within seven years, when the lien is continued one year for the purpose of sale by virtue of the statute. Rev. Stat. chap. 77, sec. 1.

The filing of the bill of complaint herein did not and could not extend the life of appellee's judgment so as to continue the lien of the same between the period of seven years after said judgment was entered and the revivor of the same. *Riggin* v. *Mullin,* 4 Gilm. 50; *Fitts* v. *Davis,* 42 Ill. 391; *Tenney* v. *Hemenway,* 53 id. 97; *Harris* v. *Cornell,* 80 id. 55; *James* v. *Wortham,* 88 id. 69; *Dobbins* v. *Bank,* 112 id. 553.

Where the statutes prescribe the time during which judgments shall have the force of liens on the lands of judgment debtors, one who has neglected to enforce the judgment lien in the proper time will not, in equity, be relieved from the consequences of his neglect. *Davidson* v. *Burke,* 143 Ill. 130.

JAMES G. SKINNER, (STEPHEN S. GREGORY, C. H. POP-PENHUSEN, and JOS. L. McNAB, of counsel,) for appellee:

Section 20 of chapter 77 of our statutes provides for redemption by a creditor, etc., after the year has expired in which the judgment debtor may redeem and within fifteen months after sale. If such redemption is not made, any decree or judgment creditor, or his executors, administrators or assigns, may redeem. This section also directs the manner in which the creditor may redeem. By express provision of this section the creditor's assignee may redeem. *Herdman* v. *Cooper,* 138 Ill. 583; *Sweezey* v. *Chandler,* 11 id. 445.

Redemptions are looked upon with favor, and where no injury is to follow, a liberal construction will be given our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. *Boynton* v. *Pierce,* 151 Ill. 203; *Schuck* v. *Gerlach,* 101 id. 343.

The issue of an execution and delivery thereof to the sheriff, and his endorsement thereon of a levy upon the premises to be redeemed, are not essential to the validity of the redemption, where the decree under which the redemption is had does not provide for any execution. *Morava* v. *Bonner,* 205 Ill. 321; *Beadle* v. *Cole,* 173 id. 136.

Equity once taking jurisdiction will grant relief to all parties. *Pool* v. *Docker,* 92 Ill. 501; *Longshore* v. *Longshore,* 200 id. 470.

Any one who has an interest in the mortgaged premises, claiming under the mortgagor, has the right of redemption. And this is the case whether his interest be legal or equitable, an estate or a lien. The only requisite is privity of estate

with the mortgagor. Tiedeman on Real Property, sec. 234; *Grobe* v. *Cushman,* 45 Ill. 119.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The judgment of the Euclid Avenue Savings and Banking Company against Otto C. Meinshausen, which was subsequently assigned to the appellee, was, as above stated, rendered November 10, 1897, and execution having been issued thereon within a year, under section 1 of chapter 77 (Hurd's Stat. 1905, p. 1253,) became a lien on the real estate of Meinshausen for a period of seven years from the date of its rendition. Meinshausen purchased the premises involved in this suit on September 11, 1901, and said judgment became a lien thereon subject to the trust deed to appellant, which was given to secure a part of the purchase price. In other words, it became a lien on the difference between the value of the property and the amount necessary to discharge the balance due appellant upon her trust deed. This was the condition of affairs on July 1, 1902, when appellant filed her bill for the foreclosure of the trust deed, and therefore appellee was not only a proper party to that foreclosure proceeding, but was a necessary party, if appellant sought thereby to affect in any way his rights and interest in the premises. (*Boynton* v. *Pierce,* 151 Ill. 197; *Beadle* v. *Cole,* 173 id. 136; *People* v. *Bowman,* 181 id. 421.) If appellee had been made a party defendant in that case he would have had an opportunity to be heard concerning his rights, and those rights could have been determined and fixed by the decree. In that case he might have been compelled, under section 20 of chapter 77, to redeem from the foreclosure sale after the expiration of twelve months and before the expiration of fifteen months from the date thereof, and upon failure to do so his equity of redemption would have been forever foreclosed and the absolute fee simple title vested in the purchaser. The appellant, however, did not see fit to make him a party defendant, and therefore the

decree of foreclosure and sale had no force or effect whatever upon his rights, which remained the same as if that proceeding had never been had. (*Rodman* v. *Quick,* 211 Ill. 546.) At the expiration of the fifteen months from the date of sale, there having been no redemption, appellant received from the master a deed to the premises on March 23, 1904. That deed, however, was subject to any outstanding rights of appellee as a judgment creditor. On May 4, 1904, as stated above, appellant filed her bill against appellee to settle and determine his rights to the premises, which is said by her counsel to be in the nature of a supplemental bill to the original foreclosure proceeding. At the time it was filed appellee's judgment was still in full force and effect, and an execution could have been issued upon it on that day and levied upon any property of the judgment debtor which was subject to levy. Between the filing of the bill and rendering the decree, which was on February 17, 1905, some nine months intervened. Appellee's judgment having been rendered on November 10, 1897, and execution duly issued within a year, remained a valid lien until November 10, 1904, or about six months after appellant filed her bill to determine appellee's rights as a judgment creditor. If a decree had been rendered upon her bill within that six months there could have been no doubt but that, the judgment being in full force and effect, the relief sought under appellee's answer would have been granted.

But it is claimed by appellant that on the day the decree was actually rendered the judgment of appellee had become dormant by lapse of time; that no execution could then be issued upon the same, and therefore there could be no redemption from the foreclosure sale under the provisions of the statute, and therefore he had no interest in the premises and no right to redeem therefrom. We do not think this contention can be maintained. On the day the bill was filed, and for six months thereafter, the judgment of appellee was in full force and effect. A suit had been commenced in equity

by complainant to determine the rights of appellee as a judgment creditor. A summons had been served upon him and he had appeared and set up his right to redeem. A court of equity therefore had jurisdiction of the person of appellee and of the subject matter of the suit. It is a well known rule that when a court of equity acquires jurisdiction for one purpose it acquires jurisdiction for all purposes, and will do full and complete justice between all the parties and determine all their rights. It makes no difference that some of those rights may be in the nature of legal rights which otherwise could not be enforced outside of a court of law. (*Morrison* v. *Morrison,* 140 Ill. 560; *Pool* v. *Docker,* 92 id. 501; *Keith* v. *Henkleman,* 173 id. 137; *Longshore* v. *Longshore,* 200 id. 470.) The rights of the parties in this case were fixed and determined upon the date the bill was filed. The decree related back to the filing of the bill, and the rights of the parties should have been fixed as of that date. The mere fact that six months after that date, and before the rendition of the decree, the judgment of appellee had become dormant makes no difference. That judgment could have been revived in a court of law by *scire facias,* but appellee was not required, under the circumstances, to go from a court of equity to a court of law for the purpose of reviving the judgment. A court of equity had full power and authority to determine the equities of the parties and make a decree protecting appellee's rights. If the decree for any reason was not rendered until after November 10, 1904, it was the duty of the court to provide in its decree for an extension or revival of the judgment and not to compel appellee to resort to his action at law for that purpose. The record shows, however, that on January 27, 1905, the judgment was revived by appellee in the superior court of Cook county, and on January 28 this fact was called to the attention of the circuit court. This was twenty days before the rendition of the decree. But notwithstanding all these facts the court entered a decree barring appellee from all right of redemption.

Upon a consideration of all the facts we are convinced that the decree of the circuit court was erroneous, and that the Appellate Court committed no error in reversing said decree and remanding the cause to the circuit court for further proceedings. The judgment of the Appellate Court will therefore be affirmed. We do not, however, agree with all the views expressed by the Appellate Court, and upon reinstatement of the cause in the circuit court that court is directed to enter a decree against the property in question in favor of appellee for the amount of his judgment, interest and costs, fixing a day within which the same may be paid by appellant and the property thereby relieved from the lien, and providing that in default of such payment said premises be sold to satisfy said judgment, interest and costs, and costs of sale, subject to the right of redemption.

*Judgment affirmed.*

HAND and CARTWRIGHT, JJ., dissenting:

The judgment of the Euclid Avenue Savings and Banking Company against Otto C. Meinshausen, of which the appellee is assignee, was rendered November 10, 1897, and an execution having issued thereon within one year from its rendition, (Rev. Stat. chap. 77, sec. 1,) it became a lien on said mortgaged premises so soon as Meinshausen acquired title thereto, subject to said trust deed, and was a lien on said premises at the time the bill was filed, on July 1, 1902, to foreclose said trust deed, and the owner of said judgment should have been made a party to said foreclosure proceedings if his rights as a lienholder were to be affected by said proceedings, and as such owner was not made a party to the said proceedings the decree of foreclosure entered therein had no effect upon his rights, as a judgment lienholder, upon said premises. (*Rodman* v. *Quick,* 211 Ill. 546.) The judgment remained a lien upon said premises until May 10, 1904, and up to that time the appellee might have had an execution issued upon said judgment and levied the same

upon said premises and sold the equity of Meinshausen therein, the same as though no foreclosure of the trust deed had taken place, and in case of no redemption the purchaser at said sale would have acquired the title of Meinshausen subject to the liens thereon which were prior to said judgment, or he might have redeemed as a judgment creditor within the time fixed by the statute from the foreclosure sale, under the provisions of section 20 of chapter 77 of the Revised Statutes, and had the premises re-sold, and in case there had been no redemption from said re-sale the purchaser would have acquired the title of Meinshausen subject to prior liens. Appellee, however, pursued neither course, but remained passive until the present bill was filed, when he sought to have his rights in the premises as a judgment creditor established by decree of court in this case and the time of redemption extended beyond the period fixed by the statute in which a judgment creditor may redeem from a judicial sale, and he be permitted to redeem from said foreclosure sale long after his right under the statute as a judgment creditor to redeem had expired. If the appellee had been made a party defendant to the foreclosure suit, he would by the decree in that case have been barred of his right to sell the premises under his judgment, and in the foreclosure suit, while the surplus of a sale after the trust deed was satisfied might have been applied in satisfaction of appellee's judgment, it would have been error for the circuit court to have deprived the appellee of his right to redeem within fifteen months as a judgment creditor. (*Boynton* v. *Pierce,* 151 Ill. 197; *Beadle* v. *Cole,* 173 id. 136; *People* v. *Bowman,* 181 id. 421.) In the *Boynton case,* on page 203, it was said: "Where a party files a bill to foreclose a mortgage, and there are judgment creditors who have liens against the mortgaged premises subsequent to the mortgage, the judgment creditors are necessary parties to the bill to foreclose; but it has never been understood because they may be made parties defendant to a bill to

foreclose the mortgage they lose their right to redeem as judgment creditors." And in the *Bowman case,* on page 424: "In this case it appears that B. Goedde had recovered a judgment against the mortgagors before the foreclosure of the mortgage, hence he, as a judgment creditor, was a proper and necessary party to that proceeding. But the decree rendered in this case did not deprive him of any right conferred by the statute upon a judgment creditor to redeem from the sale. The right conferred by statute on him as a judgment creditor was not cut off or abridged by reason of his having been made a party to the bill to foreclose, nor by virtue of anything found in the decree."

This bill, while filed as an original bill, is supplemental in form, and was filed with a view to obtain relief against the appellee which the appellant failed to obtain in the foreclosure suit by reason of her neglect to make the appellee a party to that suit, but which might have properly been granted to her in that suit had he been a party. We think, therefore, in this suit, as must have been the case in the foreclosure suit had the appellee been a party to that proceeding, the circuit court properly refused to enlarge the right of redemption of the appellee as a judgment creditor conferred upon him by the statute.

In determining the question whether the appellee had the right to redeem from said foreclosure sale at the time the decree was entered in this suit, the distinction between the right of redemption which rests in a party who is an owner of or has an interest in the equity of redemption, and one who seeks to redeem as a decree or judgment creditor, should not be lost sight of. In the former case the party redeems as owner,—that is, he discharges the lien upon his land, and being invested with the title to the land, subject only to the lien, when the lien or encumbrance is discharged he is invested with the absolute fee title to the land; while in the case of a decree or judgment creditor he simply is the holder of a lien upon the premises, and when he discharges

the lien or encumbrance upon the land which is prior in point of time to his lien, he has not obtained the title to the premises, but he must thereafter acquire the title, in order to make his redemption effective, by a judicial sale and master's or sheriff's deed, and unless a party seeking to redeem from a judicial sale is in a position so that he cannot only discharge the premises from the lien but also acquire the title by a sale under valid process, no valid redemption can take place as against a party holding the prior lien from which redemption is sought, who refuses to accept the redemption money. (*Meyer* v. *Mintonye,* 106 Ill. 414.) As we have seen, the appellee is a judgment creditor, and before he could redeem from the foreclosure sale he must comply with the provisions of section 20 of chapter 77 of the Revised Statutes, which section provides that if redemption is not made by the owner of the equity of redemption within twelve months after the date of sale, a judgment creditor may within the next three months sue out an execution upon his judgment and place the same in the hands of the sheriff, who shall endorse upon the back of the execution a levy of the premises desired to be redeemed, and the person desiring to make the redemption shall pay to the sheriff the amount for which the premises to be redeemed were sold, with interest, for the use of the purchaser at the sale sought to be redeemed from, and the sheriff shall file in the office of the recorder of deeds in the county where the premises are located a certificate of redemption, and shall then proceed to advertise and offer for sale the redeemed premises under said execution, the same as in other cases of sale on execution. The judgment of appellee became dormant November 10, 1904, and at the date of the decree entered in this case he was not in a position to have execution issued upon his judgment, and for want of ability to take out an execution upon his judgment he could not effect a redemption, under the provisions of said section 20, at the time the decree was entered in this case.

It is said, however, under the authority of *Whitehead* v. *Hall,* 148 Ill. 253, *Beadle* v. *Cole,* 173 id. 136, and *Morava* v. *Bonner,* 205 id. 321, it was not necessary that execution issue before a redemption could be effected. Those cases were redemptions from sales under decrees foreclosing senior mortgages by junior mortgagees whose mortgages had ripened into decrees and where the decrees did not provide for executions, and where it was held the decree was all the process that was required to authorize a redemption and re-sale, and were not redemptions by judgment. creditors. In the *Morava case,* on page 324, the court said: "It is first contended that the redemption by appellees is invalid because they did not sue out an execution upon their decree and deliver the same to the sheriff or other proper officer, and have him endorse on the back thereof a levy on the premises desired to be redeemed, in accordance with the terms of section 20 of chapter 77 of our statutes. (2 Starr & Cur. Stat.—2d ed.—p. 2358.) The decree under which the redemption was made did not provide for the issuing of an execution except in case of a deficiency after sale, and under the authority of *Whitehead* v. *Hall,* 148 Ill. 253, and *Beadle* v. *Cole,* 173 id. 136, no execution or levy was necessary or proper, as the decree was all the process that was required to authorize a redemption." As the appellee was a judgment creditor and could not re-sell after redemption so as to acquire title except upon a valid execution, and as no valid execution could issue on his judgment by reason of lapse of time, he could not redeem, and the cases above referred to are not in point.

It is also urged that the appellee was entitled to redeem, at the time this bill was filed, as a judgment creditor, and that his right to redeem was not lost by the delay incident to a hearing of the case. The fifteen months in which, under the statute, appellee was entitled to redeem, on the day this bill was filed had expired. He could only redeem as a judgment creditor by having an execution issued upon his judg-

ment and by having it levied upon the premises sought to be redeemed and by depositing with the sheriff of the county the redemption money within the time fixed by the statute. He failed to comply with the plain provisions of the statute governing the redemption by judgment creditors from judgment sales until the time in which he could comply with them had gone by, and at the time the case was finally disposed of by decree it is apparent that a redemption from said foreclosure sale could not be effected by the appellee as a judgment creditor, and it is also apparent that at the time the decree was entered appellee's judgment had become dormant and he could not sell the premises thereunder. In view of this state of the record we think the circuit court did not err in holding that no right then existed in the appellee, as a judgment creditor of Meinshausen, as against said premises.