### John Funk, Appellee, v. Chase Fowler, Appellant.

### Gen. No. 5,697.

1. EQUITY—*jurisdiction.* A court of equity having acquired jurisdiction for one purpose may grant complete relief and do justice between the parties.

2. EQUITY—*possession of realty.* Where the ownership of real estate is one of the questions at issue, a court of equity may decide questions as to the right of possession.

3. APPEALS AND ERRORS—*sufficiency of transcript.* Where there is an appeal based on the sufficiency of a bill to authorize a temporary injunction, enjoining the prosecution of a forcible detainer suit, appellant is not required to include evidence heard on the motions to grant or dissolve the injunction.

4. APPEALS AND ERRORS—*presumption as to disposition of questions not brought up on appeal.* Where there is an appeal solely on the question of the sufficiency of a bill to authorize a temporary injunction, other questions are presumed to have been properly disposed of.

5. ATTORNEY AND CLIENT—*contract.* A court of equity has jurisdiction to set aside portions of a contract improperly inserted by an attorney in a transaction with his client.

6. EQUITY—*jurisdiction.* Where a bill alleges that· defendant, an attorney for complainant, induced complainant to sign a deed conveying certain property to him, representing that it was a contract of sale, the court has jurisdiction to determine the nature of the contract, to put into possession the party entitled thereto, to ascertain the rights of the parties by an accounting, and determine the rights of a grantee of complainant.

7. INJUNCTION—*when bill authorizes temporary injunction.* A bill alleging that defendant made an absolute conveyance of land to complainant in payment of certain debts, that afterwards defendant, as attorney for complainant, induced him to sign a deed of reconveyance, representing that it was an agreement to sell upon certain conditions, authorizes a temporary injunction enjoining defendant from prosecuting a forcible detainer suit against a grantee of complainant.

Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied April 15, 1913.

McDOUGALL & CHAPMAN, for appellant.

LESTER H. STRAWN and M. N. ARMSTRONG, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee filed a bill in chancery containing certain allegations as to transactions between him and appellant resulting in certain contracts or agreements being entered into between the parties concerning certain real estate in the bill specifically described, and also resulting in a deed of the real estate from appellant to appellee, and a contract of purchase by which appellee agreed to convey said real estate to appellant.

The bill further alleged that confidential relations existed between appellee as client, and appellant as his attorney, during the times when these various contracts and said deed were executed, and that appellant had been guilty of fraudulent practices as to certain of said contracts while sustaining the confidential

relation of appellee's attorney and adviser with reference to the transactions out of which said contract and deed arose. It further alleged the commencement of forcible detainer proceedings by appellant against one Hans Vogel, Frances E. Vogel, and Mary A. Funk the wife of appellee mentioned in the bill as having been in some way connected with the title to the said real estate, or part thereof, and as having been in possession of said real estate, or some part thereof, at the time of the commencement of said forcible detainer proceedings.

The bill prayed for relief as to matters therein alleged and among other things prayed that appellant be enjoined from the further prosecution of said forcible detainer suit. To this bill appellant filed his answer and by it he did not raise any specific objection to the jurisdiction of a court of equity to hear and determine the subject-matter thereof. Having answered said bill appellant also filed his cross-bill invoking the jurisdiction of a court of equity to determine many, if not all of the matters alleged in the original bill. The matters alleged in the bill are common subjects of equity jurisdiction, and the injunction prayed for is merely an incident to the relief prayed on the other matters alleged.

A court of equity having acquired jurisdiction of the case for one purpose has jurisdiction to grant complete relief and do justice between the parties, including the decision of questions of the right of possession of the real estate involved in the litigation where the ownership of the real estate is one of the questions at issue. Wehrheim v. Smith, 226 Ill. 346; Oberein v. Wells, 163 Ill. 101; Harding v. Fuller, 141 Ill. 308.

A reference to the master was ordered and the master took and reported the proofs in the case. Thereafter, appellee moved for a temporary injunction pursuant to the prayer of his bill and upon the hearing of that motion the proofs taken before the master were offered and read in evidence. A tempo-

rary injunction was granted. Thereafter appellant moved to dissolve the injunction, and on the hearing of that motion appellee again offered the proofs taken before the master, and appellant offered certain affidavits and papers. The motion to dissolve was denied. Appellant had prayed an appeal from the order granting an injunction, and he also prayed an appeal from the order refusing to dissolve the injunction and having obtained an order of appeal in each case, he filed one bond as an appeal bond for both orders. The consolidating of the two appeals in that way is not objected to. He filed the record which contained a certificate of the trial judge showing what proofs appellee offered on the hearing of each motion, namely, the report by the master of the evidence taken before him, and also the certificate of evidence taken by appellant, reciting the substance of certain affidavits and documentary evidence which he presented on the hearing of the motion to dissolve.

Appellant did not include in the record filed by him the evidence heard in behalf of appellee on either of said motions; thereafter appellee sought in this court to compel the appellant to include in his transcript the evidence so offered by appellee on both motions, but appellant resisted the application on the ground he had the right to appeal solely on the proposition that the bill was insufficient to authorize an injunction, and that he was not compelled to bring up the proofs. We sustained this position and declined to compel appellant to bring up that evidence, and he has not done so. It therefore appears that evidence was heard on the motion for an injunction and on the motion to dissolve the injunction in behalf of appellee, which appellant has not brought up on his appeal. We must therefore assume that so far as the evidence goes, it was evidence authorizing the injunction and authorizing the denial of the motion to dissolve the injunction. The prayer of the bill was to enjoin the prosecution of a forcible detainer suit pending before a justice.

The injunction was against the suit pending on appeal from the justice in the County Court. We must presume that the proofs showed, before injunction was applied for, the case had been disposed of in justice court and properly appealed to and properly pending in the County Court, and that it was the same suit. All questions of fact which could have been the subject of proof must be considered as disposed of in the court below properly in favor of appellee. Therefore, the cross-bill and answer thereto are not material on the hearing of this appeal. The only question which appellant has brought before us by the method in which he has made up the record is whether the bill authorizes an injunction. If it authorizes an injunction such as was granted then it also authorized the denial of the motion to dissolve that injunction before the case had been heard by the Circuit Court upon the merits.

The bill alleged that appellant had been the owner of certain land and had mortgaged it, and that appellee was his client, and that appellee loaned him various sums of money and became security for him on debts, and those debts were not paid; that appellant made an absolute conveyance of the land to appellee in payment of those debts, and thereby appellee became the owner; that afterward appellee sold a portion of the land to Vogel; that appellant had a tenant in possession whose term expired, and upon its expiration, Vogel took possession; that at sometime after the absolute deed had been given, appellant procured appellee to sign a certain paper which he represented to be an agreement by appellee to sell the premises to appellant upon certain conditions therein named, and appellee trusted appellant as his lawyer to properly draw the instrument and properly represent its contents, and that in the manner in which the papers were drawn, it was untruthfully made to appear that the deed from appellant to appellee was security for money, and that it was not an absolute deed, but merely a contract to sell back; that after appellant

brought suit in forcible detainer against Vogel and his wife, and appellee's wife, Vogel not desiring to be involved in litigation, conveyed with his wife the premises back to appellee, who is now the owner of the premises.

The bill asks that the last mentioned contract be canceled so far as it contained any words tending to show that the original deed from appellant to appellee was a mortgage only, and that said original deed be declared to be an absolute conveyance; that appellant be held to have forfeited the contract for reconveyance for failure to perform under it. The bill further prayed that in the alternative that if it be determined that appellant has any rights under said contract that there be an accounting, and the amount due be ascertained in order to pay him, and seeks various other relief.

The bill alleges matters of which a court of equity has jurisdiction, and this bill as here presented being accepted as true, and being sufficiently sworn to, as we hold that it is, in our opinion equity had jurisdiction to set aside any portion of the contract, which may have been improperly inserted by the lawyer against the client. It had jurisdiction to determine whether that contract and the whole proceedings are in fact a mortgage, or an absolute conveyance and contract to reconvey. If appellant has any rights in the property yet, it has jurisdiction to ascertain what those rights are by an accounting between the parties. It will have jurisdiction to put into possession the person who shall finally be found to be entitled thereto, and if it should turn out that appellant was entitled to possession and was unlawfully deprived thereof by Vogel, as the grantee of appellee, and that appellee has availed himself thereof by the re-conveyance from Vogel to him, it has jurisdiction to award appellant suitable compensation for the loss of possession of the property pending the suit.

We are of the opinion the bill made a case authorizing

the granting and continuance of the temporary injunction until the case is heard on the merits. The orders of the court below in granting the injunction and refusing to dissolve the injunction are therefore affirmed.

*Affirmed.*